# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHAWN DWAYNE WOOD,

           Petitioner,      :      Case No. 3:17-cv-215

   - vs -                             District Judge Walter Herbert Rice
                                       Magistrate Judge Michael R. Merz

JEFF NOBLE, Warden,
  London Correctional Institution,

                                   :

           Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner Wood seeks release from a sentence of life imprisonment imposed on him in the Common Pleas Court of Montgomery County, Ohio, as a result of his convictions for aggravated murder, aggravated robbery, felonious assault, aggravated burglary, grand theft of a motor vehicle, and having weapons while under a disability.

Upon initial review, the Court ordered Respondent to file an answer and set a date for Petitioner to file a reply (ECF No. 3). After the Answer was filed, the Court reminded Petitioner that his reply was due to be filed by September 5, 2017 (ECF No. 8). As of the date of this Report, no reply has been filed.

**Procedural History**

On direct appeal, the Ohio Second District Court of Appeals recited the procedural history of the case up to the time of their decision as follows:

> [P2] The incident which forms the basis for the instant appeal occurred in mid-December of 2011, when the victim, Corey Turner, was robbed and shot to death in his residence located at Barrington Apartments, 381 Forest Park Drive in Harrison Township, Ohio. At the time Turner was killed, he was employed as an organist and choir director at the Greater Allen African Methodist Episcopal (AME) Church located in Dayton, Ohio.
>
> Procedural History
>
> [P3] On March 5, 2013, Wood was indicted for one count of aggravated murder (while committing or attempting to commit aggravated robbery), in violation of R.C. 2903.01(B), an unclassified offense; one count of aggravated murder (while committing or attempting to commit aggravated burglary), in violation of R.C. 2903.01(B), an unclassified offense; one count of aggravated robbery (deadly weapon), in violation of R.C. 2911.01(A)(1), a felony of the first degree; one count of aggravated burglary (deadly weapon), in violation of R.C. 2911.11(A)(2), a felony of the first degree; one count of aggravated burglary (serious physical harm), in violation of R.C. 2911.11(A)(1), a felony of the first degree; one count of felonious assault (deadly weapon), in violation of R.C. 2903.11(A)(2), a felony of the second degree; one count of felonious assault (serious physical harm), in violation of R.C. 2903.11(A)(1), a felony of the second degree; and one count of grand theft of a motor vehicle, in violation of R.C.2913.02(A)(1), a felony of the fourth degree. All of the preceding counts were accompanied by a three-year firearm specification. Finally, Wood was indicted for two counts of having a weapon while under disability (prior drug conviction), in violation of R.C. 2923.13(A)(3), both felonies of the third degree; and one count of having a weapon while under disability (prior offense of violence conviction), in violation of R.C. 2923.13(A)(2), a felony of the third degree. The indictment alleged that all of the charged offenses were committed by Wood against Turner between the dates of December 13, 2011, and December 16, 2011.
>
> [P4] At his arraignment on March 7, 2013, Wood stood mute, and the trial court entered a plea of not guilty on his behalf. On March

20, 2013, a trial date was set of July 29, 2013. Wood subsequently filed a motion to suppress on May 21, 2013, in which he sought the suppression of his phone records, DNA swabs taken from him by police, any statements he made to law enforcement officials after being taken into custody, and any pretrial identifications. A hearing was held on Wood's suppression motion over the following dates: June 2, 2013, July 3, 2013, and July 11, 2013. On July 16, 2013, the trial court issued a decision overruling the majority of Wood's motion to suppress. The sole portion of the suppression motion sustained by the trial court was the section pertaining to statements Wood made to police after he requested counsel.

[P5] On July 26, 2013, defense counsel filed a motion requesting a continuance of the trial date in order to obtain an expert to refute the State's cellphone evidence. A time waiver was filed on July 29, 2013. Defense counsel signed the time waiver, but Wood refused to sign the document. Wood's motion for a trial continuance was nevertheless granted by the trial court in an entry issued on August 1, 2013. A new trial date was scheduled for January 27, 2014.

[P6] Immediately prior to trial on January 27, 2014, Wood waived his right to a jury trial regarding the three counts of having weapons while under disability with which he was charged.1 Wood's jury trial began on the same day with respect to the remaining counts in the indictment. After several days of testimony, the State rested its case on February 3, 2014. Defense counsel made a Crim.R. 29 motion for acquittal, which was denied by the trial court. The defense rested on February 6, 2014, without presenting any additional evidence. The jury found Wood guilty on all counts. After merging several counts in the indictment, the trial court sentenced Wood to life in prison, without the possibility of parole, plus an additional twenty-three years.

*State v. Wood,* No. CA 26134, 2016-Ohio-143; 2016 Ohio App. LEXIS 130 (2nd Dist. Jan. 15, 2016). After missing the forty-five day appeal date to the Ohio Supreme Court, Wood sought a delayed direct appeal which was granted. However, when he failed to file the required memorandum in support of jurisdiction, the Ohio Supreme Court dismissed the appeal for want of prosecution. A year later on June 26, 2017, Wood mailed his Petition to this Court.

**Grounds for Relief**

Wood pleads the following grounds for habeas corpus relief:

**GROUND ONE:** The Appellant's unwanted court appointed trial counsel, Jeremiah Denslow, waived Appellant's Public Speedy Trial without Appellant's consent and against Appellant's wishes when Appellant was competent when he verbally, knowingly, voluntarily, and intelligently refused to waive his Speedy Trial which resulted in a violation of the Appellant's Personal Guaranteed United States Constitutional Right to a Public Speedy Trial.

**GROUND TWO:** The trial court's decision to continue the jury trial from July 29, 2013 until 27, 2014 resulted in a violation of the Appellant's United States Constitutional Right to a Public Speedy Trial.

**GROUND THREE:** The conviction of all counts were against the manifest weight of the evidence and there was insufficient evidence to support the conviction because there was no evidence that the Appellant Murdered, Robbed, Burgled or Assaulted the victim Corey Turner, nor, was there sufficient evidence that the Appellant was ever in possession of a firearm in violation of 2923.113.

**GROUND FOUR:** The offenses that occurred at 381 Forest Park Drive should merge into a single sentence.

**GROUND FIVE:** The trial court abused its discretion when it sentenced Appellant to Life without the possibility of parole, plus, twenty-three additional years in prison and ordered that a majority of the counts be served consecutively.

**GROUND SIX**: The pretrial Photograph Identification of the Appellant by Pastor Earl Harris was impermissibly suggestive and/or unreliable thus should have been suppressed.

**GROUND SEVEN:** The prosecution prejudiced the Appellant by not "Presenting or Preserving Materially Exculpatory Evidence" and by "Withholding Materially Exculpatory Evidence" which resulted in a violation of Appellant's United States Constitutional Fifth Amendment and Fourteenth Amendment Article 1 Section 16 "Due Process Right."

> **GROUND EIGHT:** Appellate court appointed counsel, Christopher Deal, was in violation of "Ineffective Assistance of appellate counsel" because he failed to raise the "Ineffective Assistance of trial counsel." The Ineffective Assistance of appellate and trial counsel resulted in a violation of the United States Constitution Sixth Amendment Right.

(Petition, ECF No. 1-1.)

**Procedural Default**

Respondent asserts that all eight of Wood's Grounds for Relief are barred by his various procedural defaults in presenting them to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S.

391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.

> . . . .
>
> > Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
> >
> > Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
> >
> > Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

To the extent Wood raised the claims he now makes on direct appeal to the Second District Court of Appeals, those claims are procedurally defaulted by his failure to comply with the rules of the Ohio Supreme Court for presenting a case. All litigants seeking that court's review in a criminal case such as this must file a memorandum in support of jurisdiction, which essentially is an argument to that court about why it should hear the case, since its jurisdiction over felony appeals is essentially discretionary. In this case Wood had defaulted his right to be heard by the Ohio Supreme Court by not filing a timely notice of appeal. The Ohio Supreme Court forgave Wood that default by granting him the right to file a delayed appeal. However, when he failed to file the required memorandum in support of jurisdiction, they dismissed the case.

This situation fits all the criteria required by *Maupin*. Ohio has a procedural rule

requiring all litigants in Wood's situation to file a memorandum in support of jurisdiction, When Wood did not do so, the court enforced the rule against him. The rule in\ question is promulgated at a published rule of practice in the Ohio Supreme Court. It is independent of federal law in the sense that it does not require the memorandum for federal claims and excuse it for state claims. It is an adequate rule from a federal perspective in that it protects and regularizes the Ohio Supreme Court's use of its scarce resources by enabling it to decide whast cases are appropriate for its time and attention.

A habeas petitioner can excuse a procedural default by showing cause for the default and resulting prejudice. Wood has offered, however, no response whatsoever to the procedural default defense.

To the extent Wood has made claims which he never presented to the Ohio courts, he is also subject to the procedural default defense as there is no Ohio forum in which he could now be heard on those claims. He has never filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 and it is now too late to do so, assuming he has any claims which could not have been presented on direct appeal. He cannot rely on a claim of ineffective assistance of appellate counsel to excuse his defaults because such a claim must first be presented to the relevant Ohio Court of Appeals by an application for reopening under Ohio R. App.26(B) and Wood has never filed such an application. He therefore cannot rely on an ineffective assistance of appellate counsel claim to show cause and prejudice. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

**Conclusion**

Because Petitioner procedurally defaulted in presenting his claims to the Ohio courts, they are barred by the procedural default defense. It is therefore respectfully recommended that the Petition be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, the Court should also deny any requested certificate of appealability and certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 13, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).